# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JORDAN,<br><br>        Plaintiff,<br><br>v.<br><br>H. HUNG, et al.,<br><br>        Defendants. | 1:15-cv-00900-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 18)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Larry Jordan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the Magistrate Judge. (ECF No. 4.) Plaintiff's second amended complaint, filed on January 16, 2018, is currently before the Court for screening. (ECF No. 18).

**<u>Screening Requirement</u>**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Summary of Plaintiff's Allegations**

Plaintiff is currently housed at Folsom State Prison. The events in the complaint are alleged to have occurred while Plaintiff was housed at Pleasant Valley State Prison ("PVSP"). Plaintiff names the following defendants: (1) Dr. H. Hung; (2) Dr. R. Peterson; and (3) Dr. J. Neubarth.

Plaintiff alleges: The area of Pleasant Valley State Prison was once used by the U.S. Army, which moved women from the areas because they soon contracted Valley Fever. It was well known by Health Care Staff and CDCR that the Army and women in the areas contracted Valley Fever. The public has a choice to live in the area, but inmates do not have a choice.

Upon Plaintiff's arrival at PVSP, he was screened by health care staff and at that time defendants were required to inform plaintiff about the health risk of being housed at PVSP and how to protect himself from Valley Fever.

Plaintiff alleges that his assigned primary care doctors at PVSP were Defendants Drs. Hung, Neubarth and Peterson and were required to provide medical care, including care to prevent illness, and education to Plaintiff of risks to his health. Drs. Hung, Neubarth and Peterson knew or should have known that Plaintiff was in jeopardy of contracting Valley Fever, due to his ethnicity and did not do anything to protect Plaintiff. Drs. Hung, Neubarth and Peterson subjected Plaintiff to cruel and unusual punishment by failing to warn or protect him from contracting Valley Fever.

In 2000, Plaintiff was housed at PVSP. Plaintiff, who is African American, soon developed a cough and flu-like symptoms that would not go away. Plaintiff saw defendants for treatment and his condition worsened. Plaintiff was finally tested for Valley Fever, and it was discovered that Plaintiff had contracted this illness. Once it was determined that Plaintiff had contracted Valley Fever, defendants started treating Plaintiff with medication. Plaintiff alleges that at no time did any prison staff, including the named defendants, inform or warn him about Valley Fever or ways to protect him from contracting the illness. Plaintiff also was never told that because of ethnicity he was at a higher risk of contracting this illness. Plaintiff was told "you are just one of the inmates who caught this illness and it's no bodies [sic] fault." (Doc. 18 at p. 8). Plaintiff alleges that Drs. Hung, Neubarth, and Peterson knew or should have known that Plaintiff was at a high risk of contracting Valley Fever and should have told him and failed to protect Plaintiff about the dangers of Valley Fever.

Plaintiff is now incarcerated at Folsom State Prison. In 2014, Plaintiff started to see African American inmates that he knew from his stay at Pleasant Valley State Prison. Plaintiff started to hear rumors about CDC being sued for failing to protect inmates against Valley Fever. As weeks and months passed, Plaintiff started to see larger numbers of African American inmates arriving from Pleasant Valley State Prison and Avenal State Prison. When Plaintiff inquired why they left, Plaintiff was told that "they are excluding African Americans from Avenal and Pleasant Valley." (ECF No. 12 at p. 10).

Plaintiff soon became aware of a medical report written by Dr. Joe Goldenson, along with several newspaper clippings, claiming that the Department of Corrections knew of the high risk

Valley Fever posed for African Americans, but continued to house said inmates at Avenal State Prison and Pleasant Valley State Prison in total disregard for their health. Plaintiff also learned from the report that Avenal State Prison and Pleasant Valley State Prison were told to prevent inmates from contracting Valley Fever, to educate and screen inmates for the illness and to landscape the prison's grounds to stop and/or hinder inmates from contracting Valley Fever, but they did not do so. After investigating the issue, Plaintiff soon realized that someone at Pleasant Valley State Prison had subjected him to cruel and unusual punishment by being deliberately indifferent to health and safety.

On December 24, 2013, Plaintiff filed an inmate appeal concerning allegations that Pleasant Valley State Prison failed to protect him from contracting Valley Fever. Plaintiff alleges that staff knew or should have known that Plaintiff was at higher risk of contracting Valley Fever based on his ethnicity, but they failed to educate him on how to prevent contracting Valley Fever. Plaintiff sent his appeal to Pleasant Valley State Prison, where the violation allegedly occurred.

On December 31, 2013, Appeals Coordinator J. Morgan rejected Plaintiff's appeal. Defendant Morgan allegedly claimed that Plaintiff's appeal concerning staff failing to protect him was a health care appeal. Plaintiff was instructed to file a health care appeal.

On January 28, 2014, Plaintiff complied with Defendant Morgan's instructions to file a health care appeal. Plaintiff again alleged that health care staff at Pleasant Valley State Prison failed to protect him while incarcerated at the prison. Plaintiff again sent his appeal to Pleasant Valley State Prison. Plaintiff's appeal was answered by Folsom State Prison's appeals office. On February 20, 2014, the appeal was cancelled. Plaintiff alleges that Appeals Coordinator S. Navarro, at Folsom State Prison cancelled Plaintiff's appeal, claiming it was untimely and failed to state how the issue being appealed demonstrated a material adverse effect on Plaintiff's welfare.

Plaintiff then filed an inmate appeal concerning his appeal being cancelled by Defendant Navarro. Plaintiff's appeal was granted on May 13, 2014. Although Plaintiff requested to have no further hindrance from any appeals coordinators, Plaintiff's attempt to exhaust his

administrative remedies was met with further hindrance from the Folsom State Prison Appeals Coordinator's office.

On May 14, 2014, Plaintiff was interviewed by K. Yount. Plaintiff was asked what his appeal concerned and what he wanted to resolve the issue. Plaintiff reportedly made it clear that he wanted the name of staff that was responsible for sending him to Pleasant Valley State Prison and the name of the staff that was responsible for protecting him against Valley Fever and educating him about Valley Fever. Plaintiff also wanted lifetime medical bills related to Valley Fever paid and $2,000,000 for the prison failing to protect him against Valley Fever and educating him about the illness. Ms. Yount allegedly informed Plaintiff that what he wanted was outside the scope of the appeal. Plaintiff again asked how Pleasant Valley protected him against Valley Fever, but was told this was outside the scope of the appeal.

On May 23, 2014, Plaintiff's appeal was returned. On May 21, 2014, Plaintiff's appeal regarding Valley Fever was returned to him. It had been denied at the second level. Plaintiff forwarded his appeal to the Third Level for review.

On September 24, 2014, Plaintiff's appeal was denied. Plaintiff's was informed that all of his medical issues were addressed and they were not going to intervene with the handling of his appeal.

Plaintiff filed a Government claim form on October 27, 2014, which was denied on November 21, 2014.

Plaintiff alleges that the Defendants failed to properly educate him about Valley Fever which lead them to failing to properly protect him from Valley Fever; failed to warn Plaintiff of the danger of contracting Valley Fever; were deliberately indifferent to his health and safety and subjected Plaintiff to cruel and unusual punishment.

As relief, Plaintiff seeks $2,000,000, and lifetime health care bills.

**Discussion**

**1. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to link Defendants Drs. Hung, Peterson and Neubarth to any constitutional violations. Plaintiff identifies these defendants in the allegations of his complaint as his treating and attending physicians, but he does not attribute any specific conduct to these defendants. Plaintiff merely alleges that they failed to protect him by informing Plaintiff about Valley Fever or educating him about the dangers of Valley Fever.

**2. Eighth Amendment**

<u>Placement at Pleasant Valley State Prison</u>

To the extent Plaintiff is attempting to bring suit alleging a violation of his Eighth Amendment rights due to his placement at a prison in an area where Valley Fever is present, he has fails to state a cognizable federal claim. To constitute cruel and unusual punishment in violation of the Eight Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,' " and (2) "the prison official 'acted with deliberate indifference in doing so.' " *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and

6

disregards and excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Until recently, courts in this district have found that mere confinement in a location where Valley Fever is prevalent fails to pose an excessive risk of harm. *Jones v. Hartley*, No. 1:13-cv-01590-AWI-GSA-PC, 2015 WL 1276708, *4 (E.D. Cal. Mar. 19, 2015) ("no courts have found that exposure to valley fever spores at the level experienced by the community at large presents an 'excessive risk' to inmate health"); *Williams v. CDCR*, No. 1:14-cv-01912-JLT (PC), 2015 WL 6669816, at *3 (E.D. Cal. Oct. 29, 2015) ("Unless there is something about a prisoner's conditions of confinement that raise the risk of exposure substantially above the risk experienced by the surrounding community, it cannot be said that the prisoner is forcibly and knowingly exposed to a risk the society would not tolerate to meet the objective component of a claim under the Eighth Amendment."); *Hines v. Youssef*, No. 1:13–cv–00357–AWI–JLT, 2015 WL 164215, *5 (E.D. Cal. Jan. 13, 2015) (same); *Duran v. Lewis*, No. 1:16-cv-00468-AWI-SAB (PC), 2017 WL 2797743, at *1 (E.D. Cal. June 27, 2017) ("Plaintiff cannot state a claim upon which relief may be granted based solely on the mere exposure to Valley Fever spores," even if "he was at a greater risk of contracting Valley Fever due to [ ]his race."); *Montano v. Adams*, No. 1:15-cv-0452 DLB PC, 2016 WL 310175, at *3 (E.D. Cal. Jan. 26, 2016) (inmate cannot state a claim under the Eighth Amendment based solely on the exposure to and contraction of Valley Fever); *but c.f. Beagle v. Schwarzenegger*, 107 F.Supp.3d 1056, 1068 (E.D. Cal. 2014) (finding that mere exposure to valley fever is sufficient to state a claim); *Jackson v. Davey*, No. 1:14-cv-1311-LJO-MJS (PC), 2015 WL 3402992, at *5 (E.D. Cal. 2015) ("Plaintiff no longer needs to allege particular[ ] susceptibility to Valley Fever; mere exposure is sufficient to state a claim.").

"Deliberate indifference occurs when '[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm.' " *Solis v. Cnty. of Los Angeles*, 514 F.3d 946, 957 (9th Cir. 2008). A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993).

"The second step, showing 'deliberate indifference,' involves a two part inquiry." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety." *Id.* (quoting *Farmer*, 511 U.S. at 837). "This part of [the] inquiry may be satisfied if the inmate shows that the risk posed by the deprivation was obvious." *Id.* (citation omitted). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." Id. (citing *Farmer*, 511 U.S. at 844) ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably.") (footnote omitted).

Plaintiff has not alleged that any of the named defendants, Drs. Hung, Neubarth and Peterson, were responsible for his placement at PVSP. Plaintiff's allegations are conclusory and do not state facts showing that each Defendant was aware of a substantial risk of serious damage to his health, and then failed to take reasonable measures to avoid harm to him. Plaintiff's general, vague allegations that the defendants knew or should have known that his placement in PVSP does not show that each Defendant had the requisite knowledge to state a claim here.

More recently, courts have found that defendants are entitled to qualified immunity for a claim of exposure to Valley Fever. Courts within the Eastern District of California have held that wardens and prison officials are entitled to qualified immunity with respect to Eighth Amendment claims regarding exposure to and contraction of Valley Fever. *See Williams v. Hill*, No. 16-CV-00540-LJO-EPG, 2017 WL 1494610, at *7 (E.D. Cal. Apr. 26, 2017) (Finding Defendants are entitled to qualified immunity because the right of not being exposed to cocci was not clearly established at the time it was allegedly violated); *Smith v. Schwarzenegger*, 137 F.Supp.3d 1233, 1242–52 (E.D. Cal. 2015); *Price v. C&PR*, No. 2018 WL 1071211 (E.D. Cal. Feb. 26, 2018) (By November of 2016, it was not beyond debate that if you were an inmate susceptible to Valley Fever, there was a clearly established right not to be housed at NKSP, located in an area endemic for Valley Fever.); *Jackson v. Brown*, 134 F.Supp.3d 1237, 1239–49 (E.D. Cal. 2015); *Hines v. Yousseff*, 2015 U.S. Dist. LEXIS 65441, *12–*28 (E.D. Cal. May 18, 2015). *See also Jimenez v. Rothchild*, No. 15-CV-02493-BAS-AGS, 2017 WL 4003769, at *2

(S.D. Cal. Sept. 12, 2017) (no a clearly established constitutional right for exposure to Valley Fever). This is because, as these cases make clear, the law with respect to exposure to and contraction of Valley Fever was unsettled and therefore, no liability can be imposed.

Plaintiff fails to allege facts to indicate that the risk of exposure to Valley Fever at Pleasant Valley State Prison is any higher than the surrounding community. Plaintiff cannot state a claim upon which relief may be granted based solely on the mere exposure to Valley Fever spores. Merely being confined in an area in which Valley Fever spores are present does not state a claim under the Eighth Amendment.

However, even if such a claim could be asserted, such officials are entitled to qualified immunity regarding exposure to and contraction of Valley Fever. The law was not sufficiently developed between 2000 and 2013 regarding exposure to and contraction of Valley Fever for the Defendants in this case to be aware of an Eighth Amendment violation. They are entitled to qualified immunity.

<u>Education Regarding Valley Fever</u>

Plaintiff alleges, broadly, that the Defendants should have known he faced a heightened risk of developing Valley Fever because of his own individual characteristics, African American, and the PVSP environment. He alleges Defendants nevertheless took no steps to protect him from that risk and that he developed the very disease caused by exposure to that risk. They did not educate him on Valley Fever and did not attempt to alert him to the risk of exposure.

Plaintiff also fails to state a cognizable Eighth Amendment claim regarding the purported failure of Defendants to educate Plaintiff, and thereby preventing him from contracting Valley Fever. As a preliminary matter, Plaintiff's claim regarding the lack of education does not rise to the level of an Eighth Amendment violation as there is no indication that prison officials deprived him of the minimal civilized measure of life's necessities. *Toguchi*, 391 F.3d at 1057. Further, Plaintiff fails to adequately allege that any of the defendants knew of and disregarded an excessive risk to his health or safety by failing to educate him about Valley Fever. *Farmer,* 511 U.S. at 834. Plaintiff merely alleges, in conclusory fashion, that "staff" knew or should have known that Plaintiff was at higher risk and failed to education on how to prevent catching Valley

Fever. (ECF No. 18, p. 9 of 12.) He does not allege, in anything other than conclusory statements, that any Defendant knew of a potential higher risk of exposure to Plaintiff. Despite being provided the requisite legal standards, Plaintiff has been unable to cure this defect.

Medical Care

Plaintiff has not stated an Eighth Amendment claim regarding inadequate care and treatment for his Valley Fever. A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096. "Deliberate indifference is a high legal standard," *Simmons v. Navajo County Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi*, 391 F.3d at 1060, and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, *Jett*, 439 F.3d at 1096.

Plaintiff alleges that once he saw defendants for treatment of his symptoms, he was tested for Valley Fever. Once it was determined that Plaintiff had contracted Valley Fever, defendants started treating him with medication. There are no allegations suggesting that defendants failed to respond to any medical need. Rather, than deliberately indifferent medical care, Plaintiff alleges that "at no time did any prison staff, including the named defendants, inform or warn him about Valley Fever or ways to protect him from contracting the illness." As explained above, no such claim for education of a potential medical condition exists, and even if it does, the Defendant doctors are entitled to qualified immunity. Despite being provided the requisite legal standards and multiple opportunities, Plaintiff has been unable to cure this defect.

3. **State Law Claims**

Plaintiff appears to assert negligence—specifically, medical malpractice—under California law by Defendants Drs. Hung, Neubarth and Peterson for the failure to educate him of the high risk of Valley Fever. Plaintiff further asserts that he filed a claim in compliance with Government Claim Act in connection with this claim.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.,* 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if...the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc*., 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); see also *Watison v. Carter*, 668 F.3d 1108, 1117–18 (9th Cir. 2012) (even in the presence of cognizable federal claim, district court has discretion to decline supplemental jurisdiction over novel or complex issue of state law of whether criminal statutes give rise to civil liability).

Plaintiff has not stated a cognizable federal claim, and therefore, the Court declines to exercise supplemental jurisdiction over any state law claim.

## CONCLUSION AND ORDER

Plaintiff's amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint, and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

The Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

///

For the reasons explained above, the Court HEREBY RECOMMENDS that Plaintiff's federal claims be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

The Court FURTHER RECOMMENDS that the state law claims be dismissed, without prejudice.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 23, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE